UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHERRI C. CHATMAN,**

      **Plaintiff,**

   v.                                         Civil Action 2:22-cv-3277
                                                                  Judge Edmund A. Sargus, Jr.
                                                                  Magistrate Judge Chelsey M. Vascura

**POSTMASTER GENERAL, UNITED
STATES POSTAL SERVICE,**

      **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Objection to Report and Recommendation (ECF No. 14). The Court construes Plaintiff's Objection as a motion for leave to file amended complaint *instanter*, which the Court **GRANTS** for good cause shown. Plaintiff's Amended Complaint (ECF No. 14) is deemed to be the operative Complaint. Accordingly, the undersigned's September 19, 2022 Report and Recommendation (ECF No. 6), which recommended dismissal of Plaintiff's original Complaint, is **VACATED**.

This matter is further before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

I.      STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted.  Thus, a typical initial screen involves consideration of the merits of the claims asserted.  In this case, however, upon review of Plaintiff's Amended Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims she advances because this Court lacks subject-matter jurisdiction to hear such claims.  When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).  *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

II.     ANALYSIS

Plaintiff alleges that she was subject to harassment, discrimination, workplace violence, a hostile work environment, and wrongful termination by her unnamed manager during Plaintiff's employment with the United States Postal Service. Plaintiff details many instances in which her manager treated Plaintiff with hostility and less favorably than other employees, resulting in unwarranted discipline, loss of income, and eventual termination of Plaintiff's employment. Plaintiff also alleges that she complained of her mistreatment to higher levels of management, and that the resulting investigation supported Plaintiff's allegations, but no corrective action was taken. (Am. Compl., ECF No. 15.)

Plaintiff fails to assert any claim over which this Court has subject-matter jurisdiction. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in

nature and deprives the district courts of subject-matter jurisdiction where applicable. *See, e.g., id.*; *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). Although the United States has made limited waivers of its sovereign immunity through the passage of various employment statutes such as Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Rehabilitation Act, Plaintiff does not allege that she is a member of any class protected by these or other federal statutes. Nor has she alleged that her manager took the adverse employment actions on the basis of Plaintiff's membership in a protected class or participation in protected activity. Thus, this Court lacks subject-matter jurisdiction over Plaintiff's claims regarding adverse employment actions taken by the United States Postal Service. Additionally, although the Federal Tort Claims Act waives the United States' sovereign immunity for certain tort claims, an exception to that waiver exists for "[a]ny claim arising out of assault [or] battery." 28. U.S.C. § 2680(h). Thus, this Court lacks subject-matter jurisdiction over Plaintiff's claims regarding violence against Plaintiff by her manager. Accordingly, it is **RECOMMENDED** that the Court dismiss Plaintiff's Amended Complaint.

### III.   DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to file amended complaint *instanter* (ECF No. 14) is **GRANTED** and Plaintiff's Amended Complaint (ECF no. 14) is deemed to be the operative Complaint. Accordingly, the undersigned's September 19, 2022 Report and Recommendation (ECF No. 6), which recommended dismissal of Plaintiff's original Complaint, is **VACATED**. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Amended Complaint pursuant to § 1915(e) for failure to assert any claim over which this Court has subject-matter jurisdiction.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE